In the matter of the appeal of ANNA M. SCHLOSSER, daughter of Henry Kesse, deceased.

[Submitted October term, 1935. Decided January 31st, 1936.]

*Mr. Max P. Arlt* and *Mr. Joseph M. Alsofrom,* for the appellant.

*Mr. Barton H. Walker* and *Mr. William B. Gourley,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

The appeal in this case brings up certain exceptions to the account of George Kesse, executor of the estate of Henry Kesse, as confirmed in the court below. Our examination of the record leads us to the conclusion that the appeal is without merit.

The will of Henry Kesse, after making certain specific bequests, gave all the rest of his estate to his wife for life, with remainder to his son, George, and his daughter, Anna M. Schlosser, with the qualification that at the death of his wife the executor is directed to pay $100 to each of six grandchildren on reaching twenty-one years of age if then alive.

The wife died May 23d, 1927. On citation the executor filed the account here involved on February 18th, 1928, in the orphans court. It was referred to a master who filed his report allowing certain exceptions filed by the present appellant and denying others. This account as modified was confirmed and the present appellant took an appeal to the preroga-

tive court where a decree was entered sustaining appellant's exceptions. *119 N. J. Eq. 201*.

This decree, on application of the executor, was opened and the accountant permitted to file an answer to the petition of appeal, and this action is the first ground urged for reversal. The order opening the decree is not involved in the order appealed from and therefore is not before us, but if it were we should be obliged to find that the court's discretion in thus opening the default decree was properly exercised.

The burden of attack on the account of course rested on the appellant. The first item attacked is that the accountant should have been surcharged with wood sold during the lifetime of the widow. It was not shown whether the wood was part of the realty or personalty accruing as product of the real estate and which the widow would be entitled to, or that the executor made the sales alleged.

The allowance of $500 to Borneman for commission in the sale of real estate was proper. While the agreement to pay commission was not in writing this affords no justification for criticising the executor for honoring his verbal promise.

Nor is the appellant harmed by the premature payment of $100 each to four grandchildren prior to the death of the widow. The income would have gone to the widow and the appeal is not as representative of the widow's estate.

So with the allowance to the purchaser of a piece of real estate made to overcome an objection to the title and the effort to surcharge for certain bonds.

As to the commissions none seem to have been allowed, being left open for future consideration.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.